Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRYSTY LASKE, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>COPIERS NORTHWEST, INC., a Washington Corporation; and GREGG PETRIE and JUDY PETRIE, husband and wife and the marital community composed thereof,<br><br>Defendants. | NO. 2:15-cv-01726-RSL<br><br>**STIPULATION FOR ORDER GRANTING SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE** |

## I. STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Chrysty Laske, and Defendants Copies Northwest, Gregg Petrie, and Judy Petrie (collectively, "Defendants") that the settlement agreement attached hereto as Exhibit 1 be approved, and all claims in this case be dismissed with prejudice in their entirety with no award of costs, expenses of attorneys' fees to any party.

//

DATED this ___ day of _____, 6/28/2017.    DATED this 3rd day of July, 6/28/2017.
THE STEPHENS LAW FIRM                            PATTERSON BUCHANAN
                                                 FOBES & LEITCH, INC., P.S.

STIPULATION FOR ORDER GRANTING
SETTLEMENT APPROVAL AND DISMISSAL WITH
PREJUDICE- 1

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.
2112 Third Avenue, Suite 500, Seattle, WA. 98121
Tel. 206.462.6700 . Fax 206.462.6701

Document in ProLaw

By: _____  By: _____
J. Roderik Stephens, WSBA No. 14538   Patricia K. Buchanan, WSBA No. 19892
Attorneys for Plaintiff   Adam G. Cuff, WSBA No. 26439
   Attorneys for Defendants

## II.   ORDER

This matter, having come on regularly before the on the Parties' Stipulation for Order Granting Settlement Approval and Dismissal with Prejudice, and the court being duly advised and having examined the records and files herein; now therefore,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Parties' Stipulation for Order Granting Settlement Approval and Dismissal with Prejudice be GRANTED in full.

DATED this __7th__ day of __July__, 2017.

_____
HONORABLE ROBERT S. LASNIK

Presented by:

PATTERSON BUCHANAN
FOBES LEITCH, INC., P.S.

By: _____
Patricia K. Buchanan, WSBA No. 19892
Adam G. Cuff, WSBA No. 26439
Of Attorneys for Defendant
Notice of Presentation Waived;
Approved as to Form and for Entry:

THE STEPHENS LAW FIRM

By: _____
J. Roderik Stephens, WSBA No. 14538

STIPULATION FOR ORDER GRANTING
SETTLEMENT APPROVAL AND DISMISSAL WITH
PREJUDICE- 2

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.
2112 Third Avenue, Suite 500, Seattle, WA, 98121
Tel. 206.462.6700 · Fax 206.462.6701

Document in ProLaw

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT 1**

STIPULATION FOR ORDER GRANTING
SETTLEMENT APPROVAL AND DISMISSAL WITH
PREJUDICE- 4

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.
2112 Third Avenue, Suite 500, Seattle. WA. 98121
Tel. 206.462.6700 . Fax 206.462.6701

Document in ProLaw

## CONFIDENTIAL SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into this 22nd day of June, 2017, by and between former employer, Copiers Northwest, Inc. ("Employer"), and Employer's employee, Chrysty Laske ("Employee") (collectively, the "Parties"). The Parties enter into this Agreement in settlement of all claims (as set forth in more detail below), including without limitation *Plaintiff Chrysty Laske v. Defendants Copiers Northwest, Inc., and Gregg and Judy Petrie, husband and wife, and the marital community composed thereof* (the "Lawsuit").

1. **Payment.**

Employer shall pay the Settlement Sum of U.S.$195,000.00 to Employee by four checks. The first of them shall involve a payroll check made payable from Employer to Employee in the gross sum of U.S.$60,000.00, less all withholding required by law. The second of them shall involve a non-payroll check made payable from Employer to Employee in the gross sum of U.S.$35,000.00 for alleged noneconomic damages. In addition, Employer's insurer shall issue two non-payroll checks, one of them in the amount of U.S.$18,064.55 made payable to Employee for alleged noneconomic damages and the other of them in the amount of U.S.$81,935.45 made payable to The Stephens Law Firm for Employee's attorney's fees. Unless timely revoked by Employee, Employer and its insurer shall provide the checks by the seventh day after Employee delivers completed IRS Form W-9's for both Employee and Employee's counsel to Employer's counsel and the Court enters an order (which the parties will request jointly after ADEA revocation ends) approving this Settlement Agreement, whichever is later. Employer and its insurer shall deliver the checks in full payment of the Settlement Sum to Employee by mailing them to Employee's counsel.

In January 2018, Employer shall issue an IRS Form W-2 to Employee for the lost wages payment and one IRS Form 1099 to Employee for the noneconomic damages payment, and Employer's Insurer shall provide one IRS Form 1099 to Employee and one to Employee's counsel in accordance with IRS regulations.

2. **Tax Liability.** Employer takes no position with regard to characterization of damages. Employee agrees that: (i) Employee is solely responsible for reporting the payment and for any tax liability and consequence that may result therefrom; (ii) Employer bears no responsibility whatsoever for any such tax liability or consequence; (iii) Employer is not required to pay any further sum to Employee even if any tax liability or consequence to Employee resulting from the payment is ultimately assessed in a fashion that Employee does not presently anticipate; (iv) neither Employer nor its attorneys has made any representation to Employee concerning any tax aspect of the payment; and (v) Employee will indemnify Employer and hold it harmless from any liability for taxes, fines, penalties, interest, or other claims asserted against or imposed on Employer by the IRS or any other person or entity, because Employee failed to pay taxes due on monies received under the terms of this Agreement.

3. **Release.** Employee hereby releases, covenants not to sue, and forever discharges Employer and the Additional Released Parties, as defined below, from all

SETTLEMENT AGREEMENT - 1
613429_4

Released Claims, as defined below, that relate to or arise from Employee's employment with and/or by Employer, any compensation therefor, and/or the cessation of that employment:

   a.   "Released Claims" means any and all claims, demands, causes of action, actions, rights, liabilities, damages, whether punitive or otherwise, and/or attorneys' fees and costs whatsoever at law or in equity or otherwise, direct or indirect, known or unknown, asserted or unasserted, that Employee now owns or holds and/or has at any time heretofore owned or held against Employer and/or the Additional Released Parties, in any capacity, that (i) are or may be based upon any fact, act, omission, cause or matter of any kind occurring or existing at any time on or before the date of this Agreement, (ii) relate to and/or arise from in any way, directly or indirectly, Employee's employment with and/or by Employer, and/or any compensation therefor; and/or (iii) relate to and/or arise from in any way, directly or indirectly, Employer, the Additional Released Parties, and/or any of Employer's current and/or former owners, employees, agents, officers, representatives, heirs, and assigns. Nothing in this Agreement shall limit or preclude Ms. Laske from challenging the validity and scope of her non-competition agreement in the future.

   b.   Without limiting the generality of the foregoing, "Released Claims" include without limitation claims for: monetary or equitable relief; unpaid wage/commission/bonus/salary claims; negligence; breach of express or implied contract; tort; assault; battery; invasion of privacy; loss of service or consortium, intentional or negligent infliction of emotional distress; outrage; slander; libel; and violation of state, federal and/or local law prohibiting retaliation and/or discrimination on the basis of race, color, national origin, ancestry, religion, sex, age, disability, sexual orientation, and/or any other protected category, status or activity, including without limitation claims under the federal Age Discrimination In Employment Act of 1967, the federal Americans With Disabilities Act, the federal Family and Medical Leave Act, the federal Equal Pay Act of 1963, the federal Occupational Health and Safety Act of 1970, the federal Fair Labor Standards Act, the federal Employment Retirement Income Security Act of 1974 (except for vested benefits, if any), the Washington Law Against Discrimination, the Washington Minimum Wage Act, the Washington Family Leave Act, and federal Title VII of the Civil Rights Act of 1964, and any claim under any other federal, state and/or local civil rights, compensation, and/or employment statutes, orders, regulations and/or ordinances.

   c.   These releases extend to and inure to the benefit of Employer and the following Additional Released Parties: all of Gregg Petrie's, Judy Petrie's, and Employer's past and present shareholders, owners, officers, directors, agents, employees, marital communities, representatives, partners, attorneys, accountants, insurers, employee benefit plans, parents, subsidiaries, affiliates, predecessors, successors, transferees, assigns, and related entities thereof; and all past and present shareholders, officers, directors, agents, employees, marital communities, representatives, partners, attorneys, accountants, insurers, employee benefit plans, parents, subsidiaries, affiliates, predecessors, successors, transferees, assigns, of any of those persons, and/or entities.

SETTLEMENT AGREEMENT - 2
613429_4

d.   This release binds Employee and Employee's heirs, survivors, legatees, executors, personal representatives, receivers, trustees, insurers, marital communities, successors, subrogees, transferees, and assigns.

e.   Employee represents, warrants, and agrees that: (i) Employee understands Employee is releasing potentially unknown claims; (ii) these releases are fairly and knowingly made; and (iii) Employee is aware that Employee has limited knowledge with respect to certain of the Released Claims. The Parties specifically allocate the risk of any mistake by any party in entering into this Agreement to the party or parties who later claim that party was mistaken.

f.   Employee warrants that the payments set forth herein constitute a full and complete satisfaction of all claims against and the responsibility of Employer for any matter raised in the Lawsuit as well as any matter which could have been raised in the Lawsuit and that Employee and Employee's agents and/or representatives will not file, pursue, or assert in any way, claims, demands, or causes of action against any other person, organization, corporation, or other entity in connection with any claim or matter raised in the Lawsuit, as well as any claim or matter which could have been raised in the Lawsuit. Employee further agrees that Employee will not prosecute, allow to be prosecuted on Employee's behalf, or participate in any legal action of any kind arising out of or relating to Employee's employment with Employer or the separation thereof unless required by law. Employee agrees that Employee will not testify in, provide information, or otherwise participate in any legal matter against Employer unless required or permitted by law. Employee agrees that if Employee is served with a subpoena relating to Employer, Employee shall promptly notify Employer in writing of such subpoena and provide Employer with a copy of any such subpoena.

g.   The waivers, releases, and indemnification by Employee shall be a full, binding, and complete settlement between the Parties hereto and it is specifically agreed that the terms of the waivers, releases, and indemnification are contractual and not a mere recital. Further, Employee agrees that the waivers and releases in this section are intended to apply only to claims that Employee has or may have or that may accrue as of the date of this Agreement. The waivers and releases herein do not apply to any claims that may arise after execution of this Agreement. Notwithstanding the foregoing, the waivers and releases do not limit either Party's right, where applicable, to participate in an investigative proceeding of any federal, state, or local governmental agency as required by applicable law.

4.   **Set Off.** If Employee recovers additional wages, damages, including liquidated damages, or attorney's fees (collectively "damages") as a result of a subsequent action claiming a violation of state or federal wage and hour laws, including but not limited to the Fair Labor Standards Act and Washington's wage laws, whether by way of judgment, settlement, or other legal process, the entire settlement amount herein shall be a set off against said damages.

SETTLEMENT AGREEMENT - 3
613429_4

5. **Stipulation.** After informal discovery and after consulting with and being advised by counsel, Employee and Employer agree that the entire amount of any alleged recovery that Employee is claiming and Employer owes to Employee is equivalent to the entire settlement amount herein. The alleged recovery includes any and all unpaid commissions, salary, regular wages, overtime wages, benefits, bonuses, other compensation, liquidated damages, lost past and future compensation and benefits, all other actual damages, emotional distress damages, and attorney's fees.

6. **No Other Claims/Assignment of Claims.** Employee represents and warrants that Employee has not filed or initiated any administrative charge, lawsuit, arbitration, or other proceeding of any kind whatsoever against Employer or any of the Additional Released Parties that has not been dismissed or otherwise completely terminated, and further represents that Employee has not assigned, transferred, encumbered, and/or given to anyone any Released Claim Employee has, ever had and/or claimed to have against Employer or any of the Additional Released Parties. Employee hereby states and warrants that Employee is the sole owner of the claims that have been asserted in the Lawsuit.

7. **No Admission of Liability.** This Agreement does not constitute, and may not be construed as, an admission of liability or wrongdoing on the part of Employer or the Additional Released Parties or an admission of violation of any law. Employer expressly denies liability. The Parties have entered into this Agreement solely to avoid costly litigation. Employee agrees not to assert that this Agreement is an admission of guilt, wrongdoing, and/or liability because Employer does not believe or admit that Employer has done anything wrong or illegal.

8. **Independent Legal Counsel.** The Parties acknowledge, represent, and agree that they have read this Agreement, they fully understand its terms, they have consulted with and been fully advised by legal counsel, and they are entering into it voluntarily. Both of the Parties have participated in drafting this Agreement and waive the rule of construction that an agreement is construed against its drafter. Each Party further acknowledges that it has had the opportunity to conduct an investigation into the facts and evidence relating to the Released Claims and that it has made an independent decision to enter into this agreement, without relying upon representations of any other party. Each Party assumes the risk that the facts or evidence may turn out to be different than it now understands them to be and agrees to be bound by this Agreement notwithstanding the discovery of new or different facts or evidence. Specifically, each Party agrees that: (i) this Agreement is not the product of coercion or duress; (ii) no representation about the nature and extent of injuries or damages has been made by any attorney or agent of any other Party; (iii) such Party has not been induced to make this Agreement based on any representation regarding the nature and extent of legal liability or financial responsibility of any other Party; (iv) in determining the adequacy of this Agreement, such Party has taken into consideration the ascertained injuries or damages and consequences thereof; and (v) such Party is relying wholly upon such Party's own judgment, belief and knowledge of the nature, extent and duration of a Party's injuries, if any.

SETTLEMENT AGREEMENT - 4
613429_4

9. <u>Governing Law</u>. This Agreement is governed by Washington law, without giving effect to principles or provisions of those laws relating to conflicts or choice of laws.

10. <u>Age Discrimination in Employment Act (ADEA) Waiver</u>. Employee acknowledges that Employee is knowingly and voluntarily waiving and releasing any claims or rights Employee may have under the federal Age Discrimination In Employment Act of 1967 (ADEA). However, Employee is not waiving Employee's rights required under Section 626(f) of the ADEA, as amended, for a knowing and voluntary waiver. Employee further acknowledges that the consideration given for the waiver and release in this Agreement is in addition to anything of value to which Employee is and/or was already entitled. Employee further acknowledges that Employee has been advised by this writing, as required by the ADEA, that: (i) Employee's waiver and release do not apply to any right or claim that may arise after Employee signs this Agreement; (ii) Employee has the right to consult with an attorney prior to executing this Agreement, is and has been advised to do so, and has done so with regard to the terms and any legal effect of this Agreement; (iii) Employee has twenty-one (21) days to consider this Agreement (although Employee may choose to voluntarily execute this Agreement earlier); (iv) Employee has seven (7) days following the date Employee signs this Agreement to revoke the Agreement; and (v) this Agreement shall not be effective until the day after the seven (7) day revocation period has expired, which day shall be the eighth day after Employee signs this Agreement. Any revocation must be in writing and received by Adam G. Cuff or Patricia Buchanan, Patterson Buchanan Fobes & Leitch, Inc., P.S., 2112 Third Avenue, Suite 500, Seattle, Washington 98121, before the revocation period expires. Employee further acknowledges that, if Employee does not sign and return this Agreement within this 21-day period, Employee will not be eligible to receive the consideration described at paragraph 1 in this Agreement. Employee further acknowledges that if Employee revokes this Agreement, this Agreement will not become effective or enforceable and Employee will not receive the consideration described in paragraph 1 of this Agreement.

11. <u>Binding Effect</u>. This Agreement is binding upon, and inures to the benefit of, the Parties and the Parties' respective heirs, survivors, legatees, executors, personal representatives, receivers, trustees, insurers, marital communities, successors, subrogees, transferees, agents, and assigns.

12. <u>Dismissal with Prejudice</u>. Within ten (10) calendar days of receipt by counsel for Employee of the payment identified at paragraph 1 of this Agreement, counsel for Employee, on behalf of Employee, will execute and return to counsel for Defendants a Stipulation and Order of Dismissal with prejudice as to all Defendants and without costs or fees being assessed against either party. Counsel for Employer will then move the Court for dismissal of the Lawsuit with prejudice in its entirety as to all Defendants.

13. <u>Confidentiality</u>. Employee agrees to keep the terms of this Agreement confidential and not to reveal the terms, conditions, considerations, or other contents of

SETTLEMENT AGREEMENT - 5
613429_4

this Agreement to anyone except to Employee's immediate family, tax advisors, accountants, state or federal tax authorities, or as required by law. Employee's immediate family, tax advisors, and accountants shall be informed of, and bound by, this confidentiality provision. Except as otherwise required by law, Employee may say to those not listed above only that the matter has been resolved or settled and its terms are confidential. Employee will provide reasonable written notice to Employer in the event that a person or entity not a party hereto attempts to compel from Employee the production of this Agreement or the contents thereof so that Employer may contest such disclosure at its discretion. Employee represents and warrants that Employee has not already made any communication or disclosure that violates this paragraph. Except for litigation arising out of the breach or enforcement of this Agreement, this Agreement is not admissible by Employee in any legal proceeding. A breach of this section by Employee is a material breach and will not relieve Employee of the obligation to comply with the remaining material terms of this Agreement. The remedy under this section in no way limits Employer's other remedies whether in law or in equity. Employee agrees that the provisions and restrictions contained in this Section are necessary to protect the legitimate continuing interests of Employer, and that any violation or breach of these provisions will result in immediate irreparable injury to Employer for which a remedy at law would be inadequate and that, in addition to any relief at law that may be available to Employer for such violation or breach and regardless of any other provision contained in this Agreement, Employer may be entitled to injunctive relief, whether bond will be required and the amount of any bond will be determined by the court, and other equitable relief as a court may grant after considering the intent of this section. Employee's obligation under this section shall be continuing and survive termination of this Agreement in any manner.

14. Non-Disparagement. Employee will refrain from directly or indirectly making any defamatory, false, misleading, and/or disparaging remarks about Employer and/or the Additional Released Parties. Employer will refrain from directly or indirectly making any defamatory, false, misleading, and/or disparaging remarks about Employee. In this provision, "Employer" is limited to sales HR, sales and executive management, and corporate officers.

15. Captions/Headings. This Agreement may be executed in multiple counterparts and all such counterparts shall collectively constitute this one agreement. Captions and paragraph headings used in this Agreement are for convenience only and are not a part of this Agreement and shall not be used in construing it.

16. Severability. In the event that any one or more of the provisions (except the Release paragraph in this Agreement) shall be held invalid, illegal, or unenforceable in any respect by a court of competent jurisdiction, the validity, legality, and enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired thereby.

17. Medicare Secondary Payor Act.

SETTLEMENT AGREEMENT - 6
613429_4

**Medicare Information**

Pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, The Center for Medicare and Medicaid Services must be provided Employee's full address, Social Security Number, date of birth, gender, and, if available, their Medicare Health Insurance Claim Number (HICN.) Provision of this information is a condition of this settlement. Spaces are provided at the end of this Release for compliance.

**Liens – Indemnity and Hold Harmless**

It is expressly understood and agreed, Employee further covenants and agrees that any and all Medicare, Social Security, hospital, medical insurance coverage subrogation claims and/or any and all other type of liens or interest that is and/or could be claimed by any person and/or entity, will be fully paid, satisfied, and released from the settlement proceeds paid herein, in trust, unless and until such time as said liens and/or claims have been fully paid, satisfied or released.

In this regard, Employee agrees to indemnify and hold harmless the Released Parties, their insurance carriers, their attorneys and all others in privity with them, from any claim by, through and/or under Employee including, but not limited to, any direct claim by Medicare and/or Social Security for reimbursement of any funds paid by them relating to the injuries and claims arising from the workplace incidents in question. In the event any claim is brought by, through and/or under Employee including, but not limited to, a direct claim by Medicare and/or Social Security for reimbursement of any funds pay by them relating to the injuries and claims arising from the workplace incidents in question, Employer will notify Employee immediately and Employee will select counsel to defend against any such claim(s).

**Medicare Set Aside**

It is further expressly understood and agreed, to the extent applicable, Employee covenants that Employee will set aside funds necessary in any approved Medicare Set Aside Account, to pay for any anticipated future medical and/or health care needs of Employee, for any injury and/or condition that requires treatment that arises from the injuries related and/or caused by the workplace incidents in question. In the alternative, Employee shall covenant that they do not presently anticipate that Employee will require medical and/or health care treatment for the injuries and/or conditions related and/or arising from the accident in question. Further, should funds not be placed in an approved Medicare Set Aside Account for Employee, and care and treatment for injuries and/or conditions reasonably related to the accident is subsequently sought, then Employee covenants and represents to the Released Parties, their insurance carriers, their attorney and others in privity with them, that Employee will not submit nor seek payment for said medical care from Medicare and/or any other government funded program. This covenant and representation shall be included as part of the indemnification obligations of Employee stated herein.

It is understood and agreed that the information provided below will be provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

SETTLEMENT AGREEMENT - 7
613429_4

No money out of the Settlement Sum is allocated towards future medical treatment. While it is impossible to accurately predict the need for future treatment, this decision was based upon a good faith determination of the parties in order to resolve a questionable claim. The parties have attempted to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. §1395y(b). In the event Medicare required reimbursement related to future medical treatment, this would be the sole responsibility of Employee.

18. **Enforcement.** Enforcement of this Agreement and its terms shall be through arbitration conducted in King County unless a party is seeking injunctive relief in which case that moving party can seek that relief in the King County Superior Court. Any arbitration proceeding shall be governed by the Washington State Mandatory Arbitration Rules and the King County Local Mandatory Arbitration Rules. The substantially prevailing party in any action to enforce the terms of this Agreement shall be awarded their attorney's fees and costs.

19. **Final and Complete Expression.** This Agreement is the final, entire, and complete expression of the agreement of the Parties and may be modified only by a written addendum signed by each party. The terms of this Agreement are contractual and not mere recitals. This Agreement supersedes and replaces all prior agreements, discussions and representations, all of which are merged into, and superseded by, this Agreement. No party is entering into this Agreement in reliance on any oral or written promises, inducements, representations, understandings, interpretations, or agreements, other than those contained in this Agreement.

| EMPLOYER/DEFENDANT<br>COPIERS NORTHWEST, INC.<br><br>By: _____<br>Its: _____ | EMPLOYEE/PLAINTIFF<br>CHRYSTY LASKE<br><br>_____ [sign]<br>_____ [print]<br>[Print Full Name As It Appears On Social Security Card]<br><br>Address:<br>_____<br>_____<br><br>Social Security Number:<br>_____<br><br>Medicare Health Ins. Claim # (if any):<br>_____ |

SETTLEMENT AGREEMENT - 8
613429_4

| | (If none, so state) |
|---|---|
| | Date of Birth: <br> 12/24/72 |
| | Gender: Female |